Charles Gerstein (*pro hac vice* application forthcoming)
(DC Bar No. 1033346)
Olevia Boykin (*pro hac vice* application forthcoming)
(TX Bar No. No. 24105518)
Tara Mikkilineni (*pro hac vice* application forthcoming)
(DC Bar No. 997284)
Civil Rights Corps
1601 Connecticut Ave
Washington, DC 20006
charlie@civilrightscorps.org
(202) 670-4809

Jesse Merrithew, OSB No. 074564
jesse@lmhlegal.com
Viktoria Safarian, OSB No. 175487
viktoria@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street Suite 415
Portland Oregon 97205
(971) 229-1241

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JAYSON ROBERT MEE, ) | CASE NO.   3:20-cv-899 |
| ) | |
| Petitioner, ) | |
| ) | **PETITION FOR WRIT OF** |
| ) | **HABEAS CORPUS PURSUANT TO 28** |
| ) | **U.S.C. § 2241** |
| v. ) | |
| ) | **EXPEDITED HEARING REQUESTED** |
| Sheriff PAT GARRETT, ) | |
| Washington County Sheriff, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## Introduction

1. Petitioner Jayson Mee has not been convicted of a crime. He is presumed innocent, and the Constitution permits the State to detain him only to reasonably assure his presence at trial and to protect the public from an immitigable and serious risk of harm, and only then upon procedurally rigorous findings that his release poses one of those risks.

2. No court has made such a finding.

3. The Washington County Circuit Court nonetheless ordered Petitioner detained by setting a secured money-bail amount of $250,000 knowing that he cannot pay that amount to secure his release.

4. Petitioner respectfully requests that this Court enter a conditional writ of habeas corpus ordering his release unless the state circuit court grants a thorough adversarial hearing that complies with the requirements for preventative detention described by the United States Supreme Court, which include making findings by clear and convincing evidence about whether he poses a flight risk or a danger to the community and, if so, whether conditions of release exist that could reasonably assure Mr. Mee's presence at trial and the safety of the community.

## Custody

5. Mr. Mee is currently confined in the Washington County Jail.

6. Mr. Mee is in the physical custody of Respondent Sheriff Pat Garrett, who administers the Washington County Jail and is the legal custodian of all Washington County Jail inmates. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) ("The proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.'" (internal citations omitted)).

7. Mr. Mee is under Respondent's direct physical control.

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

## Jurisdiction

8. The Court has jurisdiction under 28 U.S.C. § 2241 and Article I, Section Nine, Clause Two of the United States Constitution, which provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." Mr. Mee is in custody, without a criminal judgment, "in violation of the Constitution . . . of the United States." 28 U.S.C. § 2241(c)(3).

## Venue

9. Venue is proper in this district and division because Mr. Mee is currently in custody in this district and division. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973).

## Parties

10. Petitioner Mee is a resident of Oregon. He is 43 years old.

11. Respondent Sheriff Pat Garrett is the Sheriff of Washington County, Oregon. He has custody over Mr. Mee.

## Factual Allegations

12. Jayson Mee is currently confined in the Washington County Jail because he cannot afford to pay the security amount required for his release. The state court ordered that a $250,000 security amount be set in Mr. Mee's case knowing that Mr. Mee could not afford to pay this amount. The amount was set without the court finding, after an adversarial hearing, that clear and convincing evidence supported the conclusion that pretrial detention is necessary to ensure community safety and Mr. Mee's return to court.

13. On May 15, 2019, Mr. Mee was indicted on several charges relating to sexual abuse, which he denies. Mr. Mee was arrested on May 17, 2019. The Circuit Court for Washington


Page 3 – PETITION FOR WRIT OF HABEAS CORPUS

Levi Merrithew Horst PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

County ordered Mr. Mee detained by setting a security amount of $1,250,000. App'x at 15. Mr. Mee could not afford to pay this amount for his release, nor could he afford to pay the $125,000 that, under Oregon law, he would have to deposit to secure his release.

14. On March 13, 2020, Mr. Mee filed a motion and memorandum of law to reduce the security amount required for his release. App'x at 7–16. He argued, in part, that under federal law, the court had ordered him detained pretrial by setting an unattainable security amount without the required finding of dangerousness or flight risk by clear and convincing evidence, citing among other precedent, *United States v. Salerno*, 481 U.S. 739 (1987).

15. On March 18, 2020, the circuit court held a release hearing pursuant to Mr. Mee's bail motion. App'x at 57–59. The State argued that Mr. Mee should not be released and recounted the allegations against him but presented no evidence. The alleged victim's father read a statement opposing release. Mr. Mee argued that the security amount should be reduced to zero because he has no income and chronic neurological conditions that render him unable to work. He also argued that, given his high medical needs, he was particularly vulnerable to infection from COVID-19 through his detention in the Washington County Jail. App'x at 57; App'x at 17–55.

16. After hearing from the parties, the Court reduced the money required for Mr. Mee's release to $250,000, which would allow Mr. Mee to be released if he paid $25,000. App'x at 56. No one contested that Mr. Mee could not pay $25,000 and, therefore, there was no prospect that he would be released. In maintaining the unaffordable security amount, the court made no findings, by clear and convincing evidence or otherwise, that detention was necessary to achieve the government's interest in ensuring Mr. Mee's appearance or protecting public safety. However, the court did find that Mr. Mee was at high risk of serious illness from coronavirus but concluded that jail might be the safest environment for him. App'x at 58.

Levi Merrithew Horst PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

17. Because there is no mechanism to directly appeal bail determinations in Oregon, Mr. Mee could not appeal to the Court of Appeals for relief.

18. On April 13, 2020, Mr. Mee petitioned the Oregon Supreme Court for a writ of mandamus or habeas corpus, arguing that it violated both Oregon and federal law to jail him solely because he could not afford his bond amount. App'x at 64-120. The Oregon Supreme Court summarily denied the petition on May 21, 2020. App'x at 121.

19. Mr. Mee remains jailed awaiting trial. He has been incarcerated for over a year.

20. If Mr. Mee could pay to secure a $250,000 bond, he would walk out of the jail.

21. Under Oregon law, he would be released if he could afford 10% of that amount up front.

22. Mr. Mee cannot afford to pay to secure a $250,000 bond or 10% of that amount.

23. The Washington County Circuit Court has not found that Mr. Mee poses an immitigable risk to the community or an immitigable flight risk.

24. Instead, the Washington County Court ordered Mr. Mee detained by ordering him to pay a sum of money for release that the Court knew he could not pay.

25. The Washington County Court did not determine that any other alternative conditions or combinations of conditions (such as home detention and electronic monitoring or other forms of pretrial supervision) could not reasonably serve the prosecution's interests.

## Claim for Relief

26. The Equal Protection and Due Process Clauses forbid the state to jail someone simply because he has not paid a sum of money without making a finding that he is able to pay it. In *Bearden v. Georgia*, 461 U.S. 660, 672-73 (1983), the Supreme Court explained that to "deprive [a convicted defendant] of his conditional freedom simply because, through no fault of his own he

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

cannot pay [a] fine . . . would be contrary to the fundamental fairness required by the Fourteenth Amendment." The principles that forbid jailing a convicted defendant because he is unable to make a payment apply with even greater force to an arrestee who is presumed innocent. *ODonnell v. Harris County*, 892 F.3d 147, 161 (5th Cir. 2018) ("[P]retrial imprisonment solely because of indigent status is invidious discrimination and not constitutionally permissible." (internal quotation marks and citations omitted)); *Pugh v. Rainwater*, 572 F.2d 1053, 1056 (5th Cir. 1977) (striking down the use of secured money bail without inquiry into ability to pay because it invidiously discriminates against the poor).

27. The Due Process Clause of the Fourteenth Amendment to the United States Constitution forbids the state to detain someone pretrial unless it complies with exacting substantive and procedural requirements. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739 (1987). Substantively, the state may detain someone pretrial only if that detention is necessary to forward a compelling state interest and is no more intrusive on the detainee's liberty than necessary to forward that interest. *Id.* at 749 (describing the "substantive due process" restrictions on pretrial detention). Procedurally, the state must provide sufficient safeguards to allow the detainee to vindicate his substantive rights. These include, at least, a requirement that the court find that the detainee poses a risk of flight or danger to the community by clear and convincing evidence, that the court find that no condition or combination of conditions could adequately mitigate any potential risks, and that the court explain the basis for those findings on the record.

28. Because no court has made a procedurally compliant finding that Mr. Mee poses an immitigable risk of flight or danger to the community, and because the court did not find that Mr. Mee was able to pay the money bail amount required in his case, Respondent has custody over him in violation of the Constitution of the United States.

## **Prayer for Relief**

WHEREFORE,

Petitioner respectfully requests that this Court enter a conditional writ of habeas corpus ordering his release unless the state circuit court grants a thorough adversarial hearing that complies with the requirements for preventative detention described by the United States Supreme Court, which include making findings by clear and convincing evidence about whether he poses a flight risk or a danger to the community and, if so, whether conditions of release exist that could reasonably assure Mr. Mee's presence at trial and the safety of the community.

DATED this 4th day of June, 2020

*/s/ Charles Gerstein*
Charles Gerstein (*pro hac vice* application forthcoming)
(DC Bar No. 1033346)
Olevia Boykin (*pro hac vice* application forthcoming)
(TX Bar No. 24105518)
Tara Mikkilineni (*pro hac vice* application forthcoming)
(DC Bar No. 997284)
Civil Rights Corps
1601 Connecticut Ave
Washington, DC 20006
charlie@civilrightscorps.org
(202) 670-4809

Jesse Merrithew, OSB No. 074564
jesse@lmhlegal.com
Viktoria Safarian, OSB No. 175487
viktoria@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street Suite 415
Portland Oregon 97205

(971) 229-1241

*Attorneys for Petitioner*

**<u>Verification</u>**

I, Jesse Merrithew, represent Mr. Mee, and I hereby verify the foregoing allegations on his behalf pursuant to 28 U.S.C. § 2242.